UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRIEDRICH LU and UNITED STATES ex rel. FRIEDRICH LU, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-cv-10119-IT |
| RAMAN SAMRA, TRUSTEES OF BOSTON UNIVERSITY, and TRUSTEES OF TUFTS COLLEGE, | * * * * | |
| Defendants. | * * | |

MEMORANDUM & ORDER

January 3, 2018

TALWANI, D.J.

Before the court are the <u>Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), 9(b), and 41(b)</u> [#30] by Defendant Trustees of Tufts College ("Tufts"); the <u>Motion to Dismiss the Complaint</u> [#39] by Defendants Raman Samra and Trustees of Boston University ("BU") (together, the "BU Defendants"); and Plaintiff Friedrich Lu's <u>Motion to File Footnote</u> [#42], <u>Notice of a Fifth Circuit Case</u> [#43], and <u>Motion to Be Heard on Fifth Circuit Decision</u> [#45]. The latter three filings are ALLOWED in part and DENIED in part, in that the court has reviewed and considered each of the three filings and no further argument is needed. For the reasons set forth below, Tufts' motion is GRANTED, the BU Defendants' motion is GRANTED as to the *qui tam* claim and is otherwise taken under advisement, and the parties will be permitted limited briefing as to the court's subject matter jurisdiction over the remaining state claims against the BU Defendants.

I. *Qui Tam* Claim

Count 1 of the complaint, brought on behalf of the United States, claims a violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.* Tufts and the BU Defendants move to dismiss this count because Plaintiff is proceeding *pro se*. In the First Circuit, a *pro se* plaintiff cannot bring a *qui tam* action. Nasuti v. Savage Farms Inc., No. 14-1362, 2015 WL 9598315, at *1 (1st Cir. Mar. 12, 2015). The rationale for this rule is that a relator in a False Claims Act action brings suit on behalf of the government, and *pro se* litigants may not bring suit on behalf of others. Nasuti ex rel. U.S. v. Savage Farms, Inc., No. 12-cv-30121-GAO, 2014 WL 1327015, at *7 (D. Mass. Mar. 27, 2014), aff'd, 2015 WL 9598315. This prohibition is consistent with the restrictions placed on *pro se* litigants in *qui tam* actions in many other circuits. See, e.g., United States ex rel. Brooks v. Ormsby, 869 F.3d 356, 357 (5th Cir. 2017); Gunn v. Credit Suisse Grp. AG, 610 Fed. App'x 155, 157 (3d Cir. Apr. 21, 2015) (collecting cases from Second, Fourth, Seventh, Eighth, Ninth, Eleventh, and D.C. Circuits).

In accordance with 31 U.S.C. § 3730(b)(1) and the government's request in its Notice of Election to Decline Intervention, see Order [#22], the court requested a response from the United States. Elec. Order [#34]. The United States responded that it supports dismissal of the complaint "because 'a pro se plaintiff cannot bring this action' under the False Claims Act." United States' Response to Def. Trustees of Tufts College Mot. Dismiss 1 [#37] (quoting Nasuti, 2015 WL 9598315, at *1).

Based on this prohibition on representation of the government by *pro se* litigants, and with the consent of the government, Count 1 of the Complaint [#1] against all Defendants is DISMISSED.

II. <u>Subject Matter Jurisdiction</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" <u>Gunn v. Minton</u>, 568 U.S. 251, 256 (2013) (quoting <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994)). Here, the court had original jurisdiction pursuant to 28 U.S.C. § 1331 based on the *qui tam* claim, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims. Now that the court is dismissing the sole count supporting original jurisdiction, however, the court "must reassess its jurisdiction," <u>Camelio v. Am. Fed'n</u>, 137 F.3d 666, 672 (1st Cir. 1998), and may decline to exercise supplemental jurisdiction over the state law claims, 28 U.S.C. § 1367(c)(3).

"[D]istrict courts must weigh several factors when deciding whether to exercise jurisdiction over pendent state law claims: assuming jurisdiction might promote 'judicial economy' and 'convenience,' but declining jurisdiction might promote 'comity' or afford the parties a 'surer-footed reading of applicable law' from state courts." <u>Eves v. LePage</u>, 842 F.3d 133, 146 (1st Cir. 2016) (quoting <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1966)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors [from <u>Gibbs</u>] will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Rivera–Díaz v. Humana Ins. of P.R., Inc.</u>, 748 F.3d 387, 392 (1st Cir. 2014) (quoting <u>Carnegie–Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 n.7 (1988)) (internal quotation marks omitted).

Because Plaintiff and the BU Defendants have not had an opportunity to address this issue, the court will allow briefing as to jurisdiction as set forth below, prior to ruling on the issue.

III.	Conclusion

For the foregoing reasons:

1.	Plaintiff Friedrich Lu's Motion to File Footnote [#42], Notice of a Fifth Circuit Case [#43], and Motion to Be Heard on Fifth Circuit Decision [#45] are ALLOWED in part and DENIED in part, in that the court has reviewed and considered each filing and no further argument is needed;

2.	Tufts' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), 9(b), and 41(b) [#30] is GRANTED;

3.	The BU Defendants' Motion to Dismiss the Complaint [#39] is GRANTED in part, in that Count 1 of the Complaint [#1] is DISMISSED, and is otherwise taken under advisement;

4.	Plaintiff may file a memorandum, limited to five pages, addressing the court's subject matter jurisdiction over the remaining state law claims, by no later than January 17, 2018. The BU Defendants may file any response, limited to five pages, by no later than January 31, 2018.

IT IS SO ORDERED.

Date: January 3, 2018					/s/ Indira Talwani
							United States District Judge