UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRIEDRICH LU and UNITED STATES ex rel. FRIEDRICH LU,<br>    Plaintiffs,<br><br>v.<br><br>RAMAN SAMRA, TRUSTEES OF BOSTON UNIVERSITY, and TRUSTEES OF TUFTS COLLEGE,<br>    Defendants. | *<br>*<br>*<br>*<br>*   Civil Action No. 1:17-cv-10119-IT<br>*<br>*<br>*<br>*<br>* |

ORDER
March 2, 2021

TALWANI, D.J.

The court has received an *ex parte* request from Defendant Raman Samra to "seal the record of this case." Letter re Petition to Seal [#69]. Mr. Samra explains that despite this action being dismissed, the unfounded allegations in Friedrich Lu's complaint remain readily available on public platforms and risk harm to his reputation. Id.

I.   Legal Standard

There is a "common law presumption that the public ought to have access to judicial records." Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 408 (1st Cir. 1987). This "presumption extends to records of civil proceedings." Siedle v. Putnam Inv., Inc., 147 F.3d 7, 10 (1st Cir. 1998). Non-disclosure of judicial records can be justified for "only the most compelling reasons." Standard Fin. Mgmt., 830 F.2d at 408. The First Circuit has opined "[t]he mere fact that judicial records may reveal potentially embarrassing information is not in itself sufficient reason to block public access." Siedle, 147 F.3d at 10. Interests which courts have found sufficient include trade secrets, information covered by attorney-client privilege, and

information required by statute to be sealed. See id. at 10-11; Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002).

The burden is on the party seeking to seal the records to show that such action will not violate the public's presumptive right of access. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.") (internal citation omitted). Therefore, a party must show the court good cause for requesting to seal records and make "'a particular factual demonstration of potential harm, not . . . conclusory statements,'" United States v. Kravetz, 706 F.3d 47, 60 (1st Cir. 2013) (quoting Standard Fin. Mgmt., 830 F.2d at 412), as to why a document should be sealed.[1]

II.   Analysis

The court understands Mr. Samra's request that the court "seal the record of this case" to be a request to seal the entire docket. Letter re Petition to Seal [#69]. Allowing Mr. Samra's request would remove the case completely from the public's scrutiny and override the presumption of public access. While sympathetic to Mr. Samra's situation, the court finds that Mr. Samra has not satisfied his burden of making a "particular factual demonstration of potential

---

[1] Mr. Samra's reliance on Mass. Gen. Laws ch. 276, § 100C, for the applicable legal standard, see Letter re Petition to Seal 2 [#69], is misplaced. Mass. Gen. Laws ch. 276, § 100C, is applicable to criminal proceedings in state court, and does not apply to this civil action in federal court. Moreover, its provisions allowing the blanket sealing of criminal records on a not guilty finding have been held unconstitutional. See Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 505, 509 (1st Cir. 1987) (emphasizing that the public's right of access to court records, protected by the First Amendment, "is too strong to permit" the burden imposed by blanket, automatic sealing of criminal records); see also Commonwealth v. Pon, 469 Mass. 296, 322 (2014) (explaining that the "standard for sealing" a criminal record under Mass. Gen. Laws ch. 276, § 100C requires the defendant to "set[ ] forth fact that demonstrate good cause for overriding the presumption of public access to court records").

harm," id., as to the entire docket, and that the public's interest in access to court records outweighs the risks Mr. Samra has asserted.

However, Mr. Samra's reputational concerns do justify limiting access to the Complaint [#1] to case participants and users of public terminals at the courthouse. A court may limit public access to "records . . . used to gratify public spite or promote scandal" and "business information that might harm a litigant's competitive standing." Id. at 61-62 (citing Nixon v. Warner Comm., Inc., 435 U.S. 589, 598 (1978)). Limiting the public's access to the Complaint [#1] through remote means addresses Mr. Samra's reputational interests without overriding the presumption of public access, where the claims have been dismissed and the court's reasons for the dismissal remain readily apparent on the docket. See Amended Order Dismissing the Case [#56]; see also Order [#46].

Therefore, the court ORDERS that access to the Complaint [#1] be LIMITED to case participants and users of public terminals at the courthouse. The clerk shall also file a copy of Mr. Samra's Letter re Petition to Seal [#69], with his address and phone number redacted, and shall limit access to that redacted letter to case participants and users of public terminals at the courthouse.

IT IS SO ORDERED.

Date: March 2, 2021                                    /s/ Indira Talwani
                                                                                     United States District Judge